UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-CR-20343-KMW/Goodman

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ROGER ALEJANDRO PIÑATE MARTINEZ,

    Defendant.

_____/

**DEFENDANT ROGER PIÑATE'S MOTION
FOR RELEASE OF GRAND JURY TRANSCRIPTS**

    To date, the government has not confirmed whether any foreign witnesses testified before the grand jury. However, undersigned counsel knows that at least one foreign witness ***has testified*** – and that this person is a witness for whom the government has not provided a corresponding Report of Investigation ("ROI"). Roger Piñate has a particularized need for the transcript of this witness, as well as any other foreign witnesses who similarly testified, so he can determine if additional Rule 15 depositions are necessary. Given the time-consuming process of coordinating foreign depositions (and the Court's understandable desire for these depositions to occur during a single trip), the Court should promptly order the release of all such transcripts.[1]

---

[1] To the extent the Court wishes to conduct an evidentiary hearing on this request, an option mentioned during the recent March 4, 2025 hearing, Mr. Piñate's counsel is available at the Court's convenience.

1

## LEGAL STANDARDS

The party seeking the disclosure of grand jury material "must show a compelling and particularized need[.]" *United States v. Aisenberg*, 358 F.3d 1327, 1348 (11th Cir. 2004); *see also Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211 (1979). Under the rubric of Federal Rule of Criminal Procedure 6(e)(3)(E)(i), "particularized need" breaks down into prongs: "(1) that the material [sought] is needed to avoid a possible injustice in another judicial proceeding; (2) that the need for disclosure is greater than the need for continued secrecy; and (3) that the request is structured to capture only the material so needed." *United States v. Davis*, 721 F. App'x 856, 860 (11th Cir. 2018). In other words, the moving party must show that "circumstances ha[ve] created certain difficulties peculiar to th[e] case, which could be alleviated by access to *specific* grand jury materials, without during harm to the salutary purpose of secrecy embodied in the grand jury process[.]" *United States v. Liuzzo*, 739 F.2d 541, 545 (11th Cir. 1984) (emphasis in original).

## ARGUMENT

On several occasions, including in his motion to take Rule 15 depositions (ECF No. 102), Mr. Piñate has requested that the government provide reports of grand jury testimony of foreign witnesses. So far, the government has declined to answer or flat-out refused these requests, citing the secrecy afforded to the grand jury's proceedings. *See, e.g.*, (ECF No. 88) at 11. Notwithstanding the government's evasion, Mr. Piñate is aware of at least one foreign witness who testified before the grand jury and for whom no corresponding ROI has been provided. Because Mr. Piñate has a right to

seek Rule 15 depositions of material and unavailable witnesses, he has a particularized need for the grand jury transcripts of those foreign witnesses who testified but for whom no ROIs or other reports have been provided.

Under Rule 6(e)(3)(E)(i), "the court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand jury matter ... preliminarily to or in connection with a judicial proceeding[,]" provided there is a "compelling and particularized need." *Aisenberg*, 358 F.3d 1348. In deciding whether this burden has been satisfied, district courts have "substantial" discretion, *id.* at 1349, because the standard is a "highly flexible one, adaptable to different circumstances." Mr. Piñate's request falls squarely within this standard.

<u>First</u>, the grand jury testimony is necessary to avoid a "possible injustice." Unavailable foreign witnesses must be noticed pursuant to Rule 15. That, in and of itself, is a time-consuming and cumbersome process. And, as noted during the March 4, 2025 hearing, the Court expects the parties to coordinate their foreign depositions with host countries so that only one trip abroad is necessary. Logically, this requires knowing – at a minimum – *what* foreign witnesses are material and unavailable. Accordingly, Mr. Piñate has a right to know not only whether this one foreign witness provided material testimony to the grand jury, but also whether any other foreign witnesses provided such testimony. Without any report for this witness (and, potentially, others), grand jury transcripts provide the only means for making this assessment. Absent this information, an injustice is likely to occur – namely, Mr.

3

Piñate may be seriously prejudiced by foregoing his right to seek a Rule 15 deposition from a material and unavailable witness who is simply unknown to him.

Under similar circumstances, courts have found that there is a particularized need for the disclosure of grand jury materials. *See, e.g., United States v. Evans & Assocs. Const. Co.*, 839 F.2d 656, 658 (10th Cir. 1988), *on reh'g*, 857 F.2d 720 (allowing disclosure of grand testimony in part because it would be "extremely helpful to [party] in preparing its case because the testimony consisted of statements made by witnesses who testified in support of the conspiracy and much of their testimony would be uncorroborated."); *United States v. Barbary*, 2012 WL 12952638, at *3-4 (S.D. Fla. May 2, 2012) (ordering the disclosure of "secret Grand Jury material" where defendant demonstrated compelling and particularized need on the grounds that the material constituted exculpatory evidence).

The government has acknowledged that this need is valid, even as it argues there is no particularized need to disclose grand jury transcripts. The government claims to have produced all ROIs related to potential foreign witnesses, and has noted repeatedly that it did so well in advance of any applicable deadlines in order to facilitate Rule 15 depositions. In other words, the government agrees that to contemplate Rule 15 depositions, Mr. Piñate must know who has provided evidence to the government and which of these people are not subject to compulsory process in the United States.

<u>Second</u>, the need for disclosure is greater than the need for ongoing secrecy. As it stands, trial in this case is set to begin on October 6, 2025. Thus far, the parties have identified five foreign witnesses from two different countries who will require Rule 15 depositions. Ensuring that that these foreign depositions can be coordinated and conducted within the existing pre-trial deadlines requires the parties' immediate attention and efforts. If there are additional unavailable foreign witnesses who have provided material testimony, Mr. Piñate is entitled to know their identity now. Including additional witnesses (and, potentially, additional host countries) will further complicate an already tedious process. The risk of delay associated with keeping such information secret is outweighed by both Mr. Piñate's due process rights and the Court's stated interest in streamlining the Rule 15 deposition process.

And time is of the essence. Earlier today, government counsel indicated that they wish to conduct Rule 15 depositions in May 2025. If Mr. Piñate cannot access these transcripts immediately, he may lose his ability to preserve these witnesses' testimony and prepare a full defense for trial.

<u>Third</u>, Mr. Piñate's request is designed to cover only "material so needed," *Douglas Oil*, 441 U.S. at 222, leaving the secrecy of the grand jury proceeding largely intact. Presumably, the grand jury reviewed scores of documents and considered the testimony of multiple witnesses. But unlike defendants who have made improper blanket requests for all grand jury materials, *see, e.g.*, *United Kingdom v. United States*, 23 F.3d 1312, 1321 (11th Cir. 2001), Mr. Piñate only seeks grand jury transcripts of foreign witnesses for whom the government has not otherwise provided

5

any reports. It may simply be the one witness Mr. Piñate has learned of; it may be more. Either way, the disclosure Mr. Piñate seeks is limited and narrowly tailored, designed only to reveal the information necessary for a determination of whether there are additional unavailable and material foreign witnesses whose testimony he must preserve for a fair trial. And all transcripts will be subject to the protective order in this case. This is precisely the type of particularized need contemplated by *Douglas Oil* and its progeny.

## CONCLUSION

Mr. Piñate has demonstrated a compelling and particularized need for the grand jury transcripts of foreign witnesses. His request is necessary to preserve the Rule 15 deposition testimony of potentially exculpatory foreign witnesses; the limited disclosure outweighs the need for any continued secrecy; and the request is designed to capture only the materials he requires. The Court should accordingly order the government to produce the corresponding transcripts.[2]

Dated: March 11, 2025

                                      Respectfully submitted,

                                      COLSON HICKS EIDSON, P.A.
                                      255 Alhambra Circle, Penthouse
                                      Coral Gables, Florida 33134
                                      Tel: (305) 476-7400

                                      By: /s/ Curtis B. Miner

---

[2] Mr. Piñate previously requested this information as part of his motion to take Rule 15 depositions (ECF No. 102 at13-15). The government has indicated that it opposes Mr. Piñate's request and believes that no particularized need exists.

> Curtis B. Miner, Esq.
> (Florida Bar No. 885681)
> E-mail: curt@colson.com
> Thomas A. Kroeger, Esq.
> (Florida Bar No. 19303)
> E-mail: tom@colson.com
>
> MORGAN, LEWIS & BOCKIUS, LLP
> 1111 Pennsylvania Avenue NW
> Washington, DC 20004-2541
> Tel: 202-739-5932
> Sandra L. Moser, Esq. (*pro hac vice*)
> E-mail: Sandra.moser@morganlewis.com
> Justin D. Weitz, Esq. (*pro hac vice*)
> E-mail: Justin.weitz@morganlewis.com
>
> *Counsel for Defendant Roger Alejandro Piñate Martinez*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of Court which sent an e-mail notification of such filing to all CM/ECF participants on March 11, 2025.

> /s/ *Curtis B. Miner*
> Curtis B. Miner, Esq.