UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-20343-KMW

UNITED STATES OF AMERICA

vs.

ROGER ALEJANDRO PIÑATE MARTINEZ, and
JORGE MIGUEL VASQUEZ,

        **Defendants.**
_____/

## RESPONSE TO NOTICE OF FILING

The United States of America, through undersigned counsel, respectfully submits this response to the defendants' Notice of Filing Additional Evidence in Support of Motion to Compel MLAT Discovery (DE 235). The notice contains a number of inaccurate claims that could have been avoided had the defendants conferred with the government prior to filing, which they unfortunately did not. Under 18 U.S.C. § 3292, tolling ends when "final action" is taken. The only responses that are considered as part of the assessment of whether "final action" has been taken are "official" responses to an MLAT. The purported "additional evidence" cited by the defendants was not provided in response to an MLAT request and therefore was not an "official" response that might affect the tolling analysis under Section 3292.

The defendants refer to SA Almeida's February 13, 2023 affidavit in support of tolling, which accurately stated that Switzerland "ha[d] not responded" to an April 2021 MLAT request. However, the defendants cite as "additional evidence" a December 2021 email from SA Almeida that stated, in relevant part:

> [T]he Swiss did not provide the dates associated with the account openings and closing, just a timeline type chart reflecting the order in which things occurred. If I recall, we requested all that in the MLAT **as well** as on a follow-up call with them, but don't believe we ever

received an answer.

(emphasis added). The defendants mischaracterize this email to allege that the Swiss had provided an MLAT response earlier than August 2023. They did not.

As a threshold matter, a "follow-up" telephone call does not constitute "final action" under Section 3292 that might affect the tolling analysis, much less cause a tolling period to end. Moreover, as the wording of SA Almeida's email indicates — noting that the information in the "timeline type chart" was requested "in the MLAT *as well*" — the referenced document was not sent by the Swiss in response to the government's MLAT request. Rather, the document was a request sent by Swiss authorities summarizing their ongoing investigation.[1] In fact, the document, dated April 16, 2021, was sent by Swiss authorities before the government's April 30, 2021 MLAT request.

Given that the document was not produced by the Swiss pursuant to the MLAT process, this so-called "additional evidence" does not support the defendant's accusations, affect the Court's tolling analysis, or warrant production of MLAT requests that are not discoverable under Rule 16.

|  | Respectfully submitted, |
|---|---|
| LORINDA I. LARYEA<br>Acting Chief | HAYDEN O'BYRNE<br>United States Attorney |
| */s/ Connor Mullin* | */s/ Robert J. Emery* |
| CONNOR MULLIN (A5503222)<br>JIL SIMON (A5502756)<br>Fraud Section, Criminal Division<br>U.S. Department of Justice<br>1400 New York Avenue NW<br>Washington, DC 20530<br>Tel: (202) 993-4828<br>connor.mullin2@usdoj.gov | ROBERT J. EMERY<br>Assistant U.S. Attorney<br>Southern District of Florida<br>Court ID No. A5501892<br>99 Northeast 4th Street<br>Miami, Florida 33132-2111<br>Tel: (305) 961-9421<br>Robert.Emery2@usdoj.gov |

---

[1] At the Court's request, the government will make the document available for *in camera* review, given that it reflects a confidential, law-enforcement sensitive description of an ongoing Swiss investigation.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via CM/ECF on July 18, 2025, and therefore on all counsel of record.

/s/ *Connor Mullin*
Connor Mullin
Trial Attorney